## THEODORE SONTAG

*v.*

## ABRAM GOODING.

EVIDENCE—*relevancy, as rebutting.* Where the plaintiff sued to recover back money paid to the defendant for a title to land which the defendant could not procure, and the defendant gave evidence tending to show that the money was paid for professional services only, and the plaintiff then offered to prove that certain proceedings were void which defendant relied on as evidence of title under the deed procured by him as plaintiff's attorney, which the court refused to admit: *Held,* that the evidence did not tend to rebut the proofs made by defendant, and was irrelevant, and properly rejected.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. WINKELMAN & RICKERT, for the plaintiff in error.

Mr. H. C. TALBOTT, for the defendant in error.

Per CURIAM: Plaintiff in error sued defendant in error, in the circuit court, to recover the sum of $300 which plaintiff had, before that, paid to defendant.

Plaintiff claimed, and gave evidence tending to prove, that the money so paid was paid as the price of a good and unincumbered title to certain lands which defendant undertook to procure and cause to be ·conveyed to him. Evidence tended to show that defendant had conducted for plaintiff certain proceedings, through which plaintiff got a deed to the property, but that defendant did not procure a good and unincumbered title, nor cause such a title to be so conveyed to plaintiff.

Defendant, without pretending that he had complied with the supposed agreement, (alleged by plaintiff to have been made to procure for him such title) denies that the money was paid for any such consideration, and gave evidence tending to show that the sum of $300 in controversy was simply paid to him as compensation for professional services before that time rendered.

Then plaintiff offered to prove that certain proceedings were void which were used and relied upon by defendant as a foundation for the title and deed which he did procure for plaintiff, in the matters managed by defendant as his attorney. This proof was excluded.

Counsel for plaintiff in error insist that this proof should have been received. This position is not sound. It tended in no way to rebut any of the proofs offered by defendant. Defendant had not attempted to deny the breach of such a bargain, if made, but placed his defense upon a flat denial that he ever made such a bargain. This was the only issue upon the evidence, when this rejected evidence was offered. The circuit court was right in rejecting it as not relevant to the point in controversy. The receiving of the proof could not have aided the plaintiff. Its rejection did him no harm.

Counsel on both sides have argued elaborately questions relating to the competency and legal effect of the offered evidence for the purpose proposed. Upon the view we have taken, it is unnecessary to decide the questions so raised.

On the evidence in the record, we find no such disregard by the jury of the weight of the evidence as called for a new trial.

The judgment is affirmed.

*Judgment affirmed.*